[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-13492

_____

D.C. Docket No. 01-14148-CV-NCR

PERRY T. HILTON,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James Crosby,
CAMBELL, COI,
HAYES, COII,
M. E.  BILLMAN, COII,
BILLMAN, Lieutenant, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(November 1, 2005)

Before  BIRCH and WILSON, Circuit Judges, and DOWD[*], District Judge.

BIRCH, Circuit Judge:

_____

[*] Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Florida prisoner Perry T. Hilton appeals the dismissal of his numerous civil rights claims, filed pursuant to 42 U.S.C. § 1983, against several employees of the Florida Department of Corrections ("DOC"). We conclude that the district court erred by dismissing one of Hilton's claims and affirm the remaining district court rulings. Accordingly, we AFFIRM IN PART and VACATE and REMAND IN PART.

## I. BACKGROUND

Hilton filed this civil action alleging constitutional violations by numerous Department of Corrections employees.[1] He asserted that correctional officers Campbell, Hayes, and Billman retaliated against him for filing grievances by failing to notify him that family members had arrived for visiting hours, spitting on him and threatening him, placing him administrative confinement, and refusing to feed him. He maintained that Officer Tifft spit tobacco juice in his face, said he was "going to kick [Hilton's] black ass," and placed Hilton in administrative confinement. R1-1 at 8. Hilton alleged that Officers Ferguson, Saucedo, White, and Tifft refused to feed him during an eight-hour period of administrative

---

[1] Hilton named as defendants Department of Corrections Secretary Michael Moore, Okeechobee Correctional Institution ("OCI") Warden Jimmy Prevatt, OCI Assistant Warden J.R. Jenkins, and OCI Correctional Officers M. Billman, Campbell, Dennis, B. Ellerbee, E. Ferguson, K. Foster, J. Franza, Hamilton, Hayes, Margekguin, Norman, Saucedo, Stucche, G. Thompson, Randall Tifft, M. White, L. Wooden, and six John Does.

confinement and denied him food for a six-day period of confinement. He argued

that Warden Prevatt was liable for failing to remedy the constitutional violations.[2]

The magistrate judge found that Hilton's assertion that he had not been

notified of his family members' presence during visiting hours failed to state a

claim under § 1983 because it alleged only a "de minimus inconvenience," and his

contention that Tifft had verbally harassed him and spit tobacco juice in his face

was not actionable as excessive force under § 1983. R1-8 at 9. The magistrate

judge also found that Hilton had failed to state a claim against Prevatt because

§ 1983 liability cannot be premised on vicarious liability. Accordingly, the

magistrate judge recommended dismissal of these claims under 28 U.S.C. §

§ 1915(e)(2)(B)(ii) for failure to state a claim. Over Hilton's objections, the

district court accepted the magistrate judge's recommendation.

Prior to the district court's ruling, the court had directed the marshal to

personally serve the complaint and summons upon Billman, Dennis, Ellerbee,

---

[2]    Hilton also argued that (1) Campbell and Hayes denied him access to the law library;
(2) Thompson verbally assaulted him upon his release from segregated confinement; (3) Ellerbee
and Foster verbally assaulted and threatened him; (4) Billman retaliated against him by ordering
Margekguin to issue him a corrective consultation for disobeying an order; (5) Dennis, Hamilton,
and Wooden fabricated disciplinary charges against him; (6) he was forced to endure 29 days of
disciplinary confinement without personal hygiene items; and (7) Prevatt unconstitutionally seized
and opened his legal mail. Because Hilton does not argue these issues on appeal, they are deemed
waived. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (noting that issues not
argued on appeal are deemed waived).

Ferguson, Hamilton, Margekguin, Saucedo, Tifft, White, and Wooden. After service was returned unexecuted for Dennis, Hamilton, Margekguin, White, and Wooden, Hilton asked that the court direct Moore to provide him with the home addresses of these officers. The court denied Hilton's motion and noted that "[d]iscovery must be sought from defendants . . . pursuant to the Federal Rules of Civil Procedure." R2-55 at 1.

Billman, Ellerbee, Ferguson, and Saucedo moved for summary judgment, arguing, inter alia, that Hilton's assertion that he had been placed in administrative confinement in retaliation for filing a grievance lacked merit because prison records indicated that Hilton was confined for disobeying an order. The officers further maintained that Hilton was never denied food during his administrative confinement, but that he refused an evening meal and had advised Saucedo that he was on a hunger strike. Finally, the officers noted that Dennis, Hamilton, Margekguin, White, and Wooden were not subject to the summary judgment motion since they had not been served.

In support of their motion, the officers attached a report of administrative confinement detailing the events surrounding Hilton's placement in administrative confinement. According to the report, Tifft ordered that Hilton be placed in confinement after Hilton disobeyed verbal orders to remain silent and then

4

continued to raise his voice and argue with Tifft. R2-107, Exh. A at A4. They also attached copies of the grievances in which Hilton complained that he was not given dinner on two days and was denied all meals for six days. R2-107, Exh. B at H & J.

Hilton responded that Tifft's statement that he had disobeyed a verbal order was a fabrication, and that he never refused a meal or indicated that he was on a hunger strike. He attached an affidavit stating that he was "placed in administrative confinement in retaliation for exercising [his] First Amendment rights." R3-115, Exh. A at Hilton's affidavit. He also, however, attached a copy of an 8 May 1999 grievance with a response which explained that he was "not placed in A.C. for filing a grievance. You were placed in AC for your actions while being counseled with by Capt. Tifft. Your disorderly behavior warranted your placement in A.C." R3-115, Exh. C.

Approximately three months after all motions to add parties or claims were due to be filed, Hilton moved for a declaratory judgment, arguing that mailroom employee Victoria Powell had refused to notarize his legal mail in retaliation for filing the § 1983 action. He also claimed that prison officials had held his outgoing legal mail in an unrelated criminal appeal for 31 days, and that he was terminated from his position as medical orderly in retaliation for filing a grievance

5

concerning the holding of his legal mail. Hilton requested an order directing that the retaliation against him cease and demanding his reinstatement as a medical orderly.

The magistrate judge found that Hilton's segregation claim was without merit because Hilton had failed to rebut the defendants' evidence that Hilton had been placed in administrative confinement for disobeying a verbal order. The magistrate judge next found that Hilton's food-deprivation claim was barred under 42 U.S.C. § 1997e for his failure to exhaust administrative remedies because he had failed to file an informal or formal grievance. Next, the magistrate judge found that Hilton's claims against Dennis, Hamilton, Margekguin, White, and Wooden were subject to dismissal under Federal Rule of Civil Procedure 4(m) because those defendants had not been served within 120 days after his complaint was filed. Finally, the magistrate judge found that Hilton was not entitled to a declaratory judgment because the actions of which he complained were remote in time to the events at issue in the § 1983 action and the named individuals were not defendants in the pending case. Accordingly, the magistrate judge recommended (1) granting summary judgment in favor of Billman, Ellerbee, Ferguson, Saucedo, and Tifft on Hilton's segregation claim; (2) dismissing Hilton's food-deprivation claim under § 1997e; (3) dismissing Hilton's claims against Dennis, Hamilton,

6

Margekguin, White, and Wooden under Rule 4(m); and (4) denying Hilton's motion for a declaratory judgment. Although Hilton objected, the district court adopted the magistrate judge's recommendation and entered judgment accordingly. Hilton now appeals.

## II. DISCUSSION

Hilton raises six issues on appeal. First, he alleges that the district court erred by dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) his retaliation claim against Billman, Campbell, and Hayes. Second, Hilton argues that the court erred by dismissing his excessive force claim against Tifft and Warden Prevatt, also under § 1915(e)(2)(B)(ii). Third, Hilton maintains that the court erred by granting summary judgment in favor of Billman, Ellerbee, Ferguson, Saucedo, and Tifft on his claim that he had been placed in administrative confinement in retaliation for filing a grievance. Fourth, Hilton asserts that the court erred by dismissing his food-deprivation claim under § 1997e. Fifth, Hilton alleges that the court abused its discretion by dismissing his claims against Dennis, Hamilton, Margekguin, White, and Wooden under Rule 4(m). Finally, Hilton argues that the court abused its discretion by denying his motion for a declaratory judgment. We discuss each issue in turn.

A. Retaliation

We review de novo dismissals under § 1915(e)(2)(B)(ii), "viewing the allegations in the complaint as true." Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal is appropriate under § 1915(e)(2)(B)(ii) only when a plaintiff "can prove no set of facts that would entitle him to relief." See id.; see also 28 U.S.C. § 1915(e)(2)(B)(ii).

"To state a first amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989). "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id.; see also Bridges v. Russell, 757 F.2d 1155, 1156 (11th Cir. 1985) (holding that a prisoner stated a claim of retaliation based on being transferred to another facility even though prisoners have no liberty interest in remaining at a particular facility).

The district court dismissed Hilton's retaliation claim under § 1915(e)(2)(B)(ii) based on the magistrate judge's finding that Hilton had been denied only one hour of visitation and, thus, had suffered only a de minimus injury. The question of whether Hilton's alleged loss of visitation time constituted a constitutional violation is irrelevant, however, for purposes of considering his retaliation claim because the gist of his claim was that he was retaliated against for filing a prison grievance. See Thomas, 880 F.2d at 1242. Hilton alleged in his

complaint that Campbell, Billman, and Hayes retaliated against him for filing grievances by failing to notify him that family members had arrived for visiting hours. Viewing the allegations in the complaint as true, Hilton's complaint stated a claim of retaliation; thus, the district court's dismissal of this claim under § 1915(e)(2)(B)(ii) was erroneous.[3] See Bridges, 757 F.2d at 1157.

B. Excessive Force

"[A] de minimus use of force cannot support a claim for excessive use of force." Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002). Hilton does not contest the district court's finding that the tobacco spitting incident involving Tifft caused him only a de minimus injury. Additionally, no legal authority supports Hilton's proposition that Tifft's alleged statement, that he was going to "kick [Hilton's] black ass," amounts to a constitutional violation. Thus, the district court properly dismissed Hilton's excessive force claim against Tifft.[4]

---

[3] We note that, although the "Report of Investigation" submitted by Billman, Tifft, Saucedo, Ferguson, and Ellerbee in support of summary judgment addressed this incident, R2-107, Ex. A at 3 (referencing an interview with Hilton on 16 September 1999); Ex. B at 19 ("I was never notified of my visit until five minutes . . . ."). The exhibits do not include copies of any grievances filed by Hilton regarding the officers' failure to advise him of his family's visits. It is, therefore, unclear as to whether the district court considered any such grievances as to this issue.

[4] Because Hilton has failed to state a claim for excessive force, we need not reach Hilton's additional argument that Tifft was not entitled to qualified immunity. See Conn v. Gabbert, 526 U.S. 286, 290, 119 S. Ct. 1292, 1295 (1999).

9

Regarding his excessive force claim against Prevatt, Hilton contends for the first time on appeal that Prevatt is liable for failing to adequately train and supervise his subordinates. It is well-established that issues not raised in the district court will not be considered on appeal. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (setting forth five exceptions to this rule). Because Hilton's claim against Prevatt does not fall within one of the exceptions set forth in Narey, this claim is deemed waived. Furthermore, because Hilton has failed to present any evidence showing that Prevatt participated in the alleged unconstitutional acts or that there was a causal connection between Prevatt and the alleged constitutional violation, Hilton was not entitled to relief against Prevatt based on respondeat superior. See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1508 (11th Cir. 1995) (holding that a supervisor is liable only if he or she personally participates in the alleged constitutional deprivation or there is a causal connection between actions of the supervising official and the alleged constitutional violation).

C.  Summary Judgment

Hilton alleges for the first time on appeal that the defendants' failure to comply with his discovery requests precluded him from obtaining necessary evidence to support his claim. We review de novo a district court's grant of

summary judgment, viewing the evidence in the light most favorable to the party opposing the motion. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(c)).

Besides self-serving and conclusory allegations, Hilton has offered nothing to rebut the evidence showing that he was placed in administrative confinement for disobeying a verbal order rather than for filing a grievance.

D. Food Deprivation

"We review de novo a district court's dismissal . . . for failure to exhaust available administrative remedies under § 1997e(a) of the PLRA [Prison Litigation Reform Act]." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). Section 1997e of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Brown, 212 F.3d at 1207 (holding that "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a

grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit").

In Florida, "[i]nmates shall utilize the informal grievance process prior to initiating a formal grievance." Fla. Admin. Code Ann. r. 33-103.005(1) (2004). If it is not feasible for the inmate to file a grievance within the relevant time period, he will be granted an extension if he "made a good faith effort to file in a timely manner." Id. r. 33-103.011(2). If "[the] inmate decides to file a formal grievance, he . . . shall do so by completing [and submitting to the warden] Form DC1-303, Request for Administrative Remedy or Appeal." Id. r. 33-103.006(1)-(a).

The record reveals that Hilton failed to submit an informal or formal prison grievance in conjunction with his claim that he was denied all meals for a six-day period. See Brown, 212 F.3d at 1207. Hilton's contention, that he was denied grievance forms during his term of administrative confinement, does not entitle him to relief because he fails to allege that he was unable to obtain these forms once he was released from confinement. The district court did not, therefore, err in dismissing this claim under § 1997e.

E. Dismissal Under Rule 4(m)

We review a district court's dismissal for failure to timely serve a summons and complaint for abuse of discretion. Brown v. Nichols, 8 F.3d 770, 775 (11th

12

Cir. 1993) (analyzing former Fed. R. Civ. P. 4(j)). "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m).

After service was returned unexecuted on Dennis, Hamilton, Margekguin, White, and Wooden, Hilton moved the court to order defendant Moore to provide him with the home addresses of these officers. The court denied Hilton's motion, stating that "[d]iscovery must be sought from defendants in the case pursuant to the Federal Rules of Civil Procedure." R2-55 at 1. More than one year later, the court dismissed Dennis, Hamilton, Margekguin, White, and Wooden under Rule 4(m) for Hilton's failure to properly serve them. After dismissal, Hilton attempted to provide the court with Hamilton's contact information, but this information was properly refused because Hilton failed to show good cause for the delay. See Rule 4(m).

Hilton now alleges that he was unable to serve these defendants for two reasons: (1) because they failed to comply with his request for production of documents and (2) because the DOC falsely told him that these officers were no longer employed by DOC. Hilton's first argument fails because his document

13

request did not seek any contact information regarding the unserved defendants. Hilton's second argument fails because he did not present any evidence showing the DOC was untruthful regarding the employment status of the unserved defendants. Accordingly, the district court properly dismissed these defendants under Rule 4(m).

F. <u>Declaratory Judgment</u>

We review a district court's "denial of declaratory relief for an abuse of discretion." <u>McCullagh v. Dean Witter Reynolds, Inc.</u>, 177 F.3d 1307, 1308 (11th Cir. 1999). "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 57.

Hilton moved for declaratory judgment based on his contention that prison officials racially discriminated against him by withholding his outgoing legal mail and terminating him from his medical orderly position. His motion, however, violated the Federal Rules of Civil Procedure because it added parties and claims that were not included in his complaint and was filed approximately three months

14

after the expiration of the period allotted by the district court for adding additional parties and claims. Hilton also failed to present any evidence in support of either claim. Accordingly, the district court properly denied Hilton's declaratory judgment motion.

## III. CONCLUSION

We conclude that the district court erred by dismissing Hilton's retaliation claim against Billman, Campbell, and Hayes under § 1915(e)(2)(B)(ii), and vacate the district court's order as to this claim. We affirm the district court's remaining rulings: (1) dismissing Hilton's excessive force claim against Prevatt and Tifft under § 1915(e)(2)(B)(ii); (2) granting summary judgment in favor of Billman, Ellerbee, Ferguson, Saucedo, and Tifft regarding administrative confinement; (3) dismissing Hilton's food-deprivation claim under § 1997e; (4) dismissing Dennis, Hamilton, Margekguin, White, and Wooden under Rule 4(m); and (5) denying Hilton's motion for a declaratory judgment.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**