[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16923
Non-Argument Calendar
_____

D. C. Docket No. 05-00571-CV-J-TEM

RICARDO DEJESUS GARCIA,

Plaintiff-Appellant,

versus

NATHANIEL GLOVER, Sheriff,
5 OFFICERS ON DUTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 26, 2006)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Ricardo DeJesus Garcia appeals the dismissal of his pro se amended 42 U.S.C. § 1983 action against Nathaniel Glover, the Sheriff of Duval County, and five unnamed officers. The district judge dismissed the civil action. We AFFIRM.

## I. BACKGROUND

On January 17, 2003, Garcia, then a federal detainee at the Duval County Jail, filed a pro se complaint entitled "Civil Rights Motion" in a Florida state court.[1] R1, Attach. 1. On May 11, 2005, Garcia filed a pro se amended complaint, which was identical to the original complaint. Id. Attach. 2. Garcia alleged in the amended complaint that he was subjected to cruel and unusual punishment when five unnamed county prison officers physically and verbally abused him on September 9, 1999, in violation of § 1983 and of state law claims including assault, battery, and negligence. Id. at 1. Garcia further alleged that there were "lots of witnesses" to the abuse. Id. at 4. These five unnamed prison officials as well as Glover, were named as defendants in the lawsuit. Garcia stated:

> Petitioner contends that if plaintiff would have tried to resolve complaint at administrative level at the Duval County Jail most likely plaintiff would have been 'killed or shipped' out to keep [from] complain[]ing about the beating plaintiff took from the five officers at the Duval County Jail.
>
> . . . .

---

[1] Garcia appears to be a federal prisoner, even though he was detained at the Duval County Jail; his current address is the Federal Corrections Institute in Jesup, Georgia.

> Petitioner contends that he understands that there are administrative remedies in the[] Duval County Jail that petitioner could have tried in resolving this matter but would ask the [c]ourt to consider the fact that the Officers in Duval Co. Jail had "snitches" in all parts of the jail. Plaintiff contends that he feared for his life.

Id. at 4, 9.

Glover timely filed a notice of removal in federal court and, simultaneously, filed a motion to dismiss to which Garcia responded. The district judge granted Glover's motion to dismiss on grounds that included failure to exhaust administrative remedies and to comply with the state statute of limitations. R1-22. In a separate opinion, the district judge, sua sponte, dismissed the five unnamed prison officials from the lawsuit. R1-24. On appeal, Garcia argues that the district judge erroneously dismissed his amended complaint because he was able to file a civil action under § 1983 without first exhausting administrative remedies, since the officers threatened him with additional beatings if he complained about the incident that was the basis of his lawsuit.

## II. DISCUSSION

We review de novo a district judge's dismissal of a complaint pursuant to Federal Rule Civil Procedure 12(b)(6), accept the factual allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Pleadings filed

by a pro se litigant are reviewed under "less stringent standards" than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam). A complaint is not dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006) (citations omitted).

Although Garcia conceded in his amended complaint that he failed to exhaust administrative remedies, he appears to argue that exhaustion should be excused because he feared that the five unnamed officers "most likely" would have "killed" him or "shipped" him out if they learned that Garcia lodged a formal administrative complaint or accusation against them. R1, Attach. 2 at 4. Garcia expounds upon this allegation in his appellate brief, where he alleges that "when officers took [him] to the hospital in Jacksonville Florida for medial treatment the officers threatened [him] with more beatings if he did not keep quiet or he had better not say anything about what happened." Appellant's Br. at 10. Based on Garcia's admitted failure to exhaust administrative remedies, the district judge dismissed his § 1983 claim pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, which provides, in part, that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

4

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court looked to administrative law and to habeas law, two areas of the law where exhaustion is an important doctrine, in holding that the exhaustion requirement in § 1997e requires "proper exhaustion," meaning that a prisoner must exhaust all prescribed administrative remedies available to him or her before filing a lawsuit to seek judicial redress. Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2386 (2006). We also have held that the exhaustion requirement in § 1997e is "mandatory" and, consequently, prisoners must exhaust all administrative remedies before bringing suit in federal court, even if exhaustion would be futile. Alexander v. Hawk, 159 F.3d 1321, 1323-24 (11th Cir. 1998); accord Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000) (per curiam). Because exhaustion was a precondition to filing this lawsuit, and Garcia admittedly did not exhaust all administrative remedies, his amended complaint properly was dismissed pursuant to § 1997e. Id. Since Garcia did not exhaust his administrative remedies, and the district judge correctly dismissed his amended complaint on that basis, we need not address his other issues on appeal.

## III. CONCLUSION

Garcia has appealed the dismissal of his pro se amended § 1983 action against Sheriff Glover and five unnamed officers. Because he failed to exhaust his administrative remedies, his amended complaint properly was dismissed.

**AFFIRMED**.