[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

Nos. 06-11116,
06-12290

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 05-00064 CV-6 & 05-00071-CV-6

GREGORY B. BRYANT,
ANDREW PRIESTER,

 Plaintiffs-Appellants,

 versus

GLENN RICH,
R. D. COLLINS,
Lt. RANDY BYRD,
SERGEANT JASON D. BURNS,
OFFICER FNU BYRD, et al.,

 Defendants-Appellees,

————————————————————————————————

Appeals from the United States District Court
for the Southern District of Georgia

————————————————————————————————

**(May 31, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Andrew Priester ("Priester"), an inmate currently incarcerated at Georgia State Prison, filed suit under 42 U.S.C. § 1983 to contest the conditions of his confinement while he was incarcerated at Rogers State Prison. Defendants filed a motion to dismiss, which the district court construed as a motion for summary judgment. Because Priester failed to exhaust his administrative remedies, the district court granted summary judgment in favor of Defendants and dismissed Priester's complaint without prejudice. Priester appeals. Finding no reversible error, we affirm the district court's decision.[1]

## I.  BACKGROUND

---

[1]We earlier consolidated Priester's appeal with Gregory Bryant's appeal, case number 06-11116. We now dismiss Bryant's appeal for lack of jurisdiction. Bryant prematurely filed his notice of appeal on 9 February 2006, before the district court entered a judgment on 6 April 2006. He filed his notice of appeal after the district court granted partial summary judgment on 23 January 2006, with claims against some named defendants still pending. That partial summary judgment order was no appealable final judgment. See 28 U.S.C. § 1291; Williams v. Bishop, 732 F.2d 885, 886 (11th Cir. 1984). That Bryant later voluntarily dismissed the remaining claims without prejudice does not cure the jurisdictional defect. See State Treasurer v. Barry, 168 F.3d 8, 11, 16 (11th Cir. 1999); Mesa v. United States, 61 F.3d 20, 22 (11th Cir. 1998); Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 301-03 (5th Cir. 1978), overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co., 100 S.Ct. 1460, 1466 (1980). That the district court later entered judgment dismissing Bryant's case without prejudice also does not cure the defect. See United States v. Taylor, 632 F.2d 530, 531 (5th Cir. 1980) (deciding that a premature notice of appeal was not cured by a subsequent final judgment).

2

In the light most favorable to Priester, these are the facts. When Priester was incarcerated at Rogers State Prison ("Rogers"), four prison officials beat him on four different occasions between August and December 2003. Those officials were Defendants Langston, McCloud, Byrd, and Doe. Despite knowledge of these beatings, the wardens -- Defendants Rich and Collins -- remained deliberately indifferent and failed to prevent Priester's abuse. During this time, Priester attempted to file a grievance about the beatings; but his requests for the pertinent grievance forms were denied by other Rogers prison officials. Priester also contends that prison officials at Rogers used force or the threat of force to prevent inmates from filing grievances.

In January 2004, Priester received a transfer from Rogers to Georgia State Prison ("GSP"). During a visit to the GSP infirmary, Priester reported his abuse at Rogers to the psychiatrist and a counselor and requested a form to file a grievance about the abuse. They responded that his mental health problems had caused him to be delusional; and therefore, they gave him no grievance forms to report the beatings. Thereafter, Priester made no further attempt to file a grievance about the beatings. He later obtained and submitted a grievance form at GSP for an unrelated incident regarding lost property.[2]

---

[2]Priester filed the grievance about lost property at GSP on 13 October 2005.

Priester filed this suit against Defendants on 27 July 2005 under 42 U.S.C. § 1983, alleging the use of excessive force in violation of federal and state law. Defendants moved to dismiss the suit because Priester failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a). Construing the motion as one for summary judgment, the district court granted summary judgment in favor of Defendant and dismissed Priester's complaint without prejudice. Priester appeals.

## II. DISCUSSION

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust available administrative remedies before filing a lawsuit: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This rule applies to all inmate suits alleging excessive force, whether the prisoner alleges an isolated episode of mistreatment or "a prolonged and sustained pattern of harassment and intimidation by corrections officers." See Porter v. Nussle, 122 S.Ct. 983, 991-92 (2002) (internal quotations and citation omitted).

Therefore, "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir.2000)). We have no discretion to waive this exhaustion requirement. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

That Priester filed no grievance at Rogers or GSP about the beatings he allegedly suffered is undisputed. Priester contends that he attempted to file grievances at both of these facilities, but his requests for the pertinent forms were denied. He also argues that Rogers officials deterred him from filing grievances through the threat of violence. Thus, he argues that no grievance procedure was "available" for him to exhaust.

Even assuming -- without deciding -- that no grievance procedures were available to Priester at Rogers,[3] the record indicates that Priester did have

---

[3]Some courts have said that administrative remedies are not "available" to an inmate if prison officials do not respond to grievances or if they prevent the filing of grievances. See, e.g., Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"); see also Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004) ("The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly

grievance procedures available to him when he transferred to GSP. Yet, he failed to exhaust them.

We recognize that a grievance filed after Priester's transfer to GSP would have been untimely. But the relevant grievance procedures provide inmates with the opportunity to request consideration of untimely grievances for good cause. Thus, Priester could have exhausted his administrative remedies by filing a grievance at GSP and showing good cause for his tardiness; nevertheless, he failed to attempt it. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies."); cf. Johnson, 418 F.3d at 1159 ("Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim.").

Priester alleges that GSP officials denied him access to grievance forms, but the allegations are belied by unrebutted evidence showing that Priester successfully obtained and submitted a grievance form at GSP but used it for

situated individual of ordinary firmness' have deemed them available."). We need not decide whether Priester had no administrative remedies available to him while he was incarcerated at Rogers because the record indicates that Priester did have remedies available to him when he transferred to GSP.

6

another matter: one involving lost property.[4]  Accordingly, we conclude that

Priester failed to exhaust his administrative remedies as were available to him at

GSP;[5] therefore, his lawsuit is barred under 42 U.S.C. § 1997e(a).


## III.  CONCLUSION


We dismiss case number 06-11116 for lack of jurisdiction, and in case

number 06-12290, we affirm the district court's grant of summary judgment to

Defendants because Priester failed to exhaust his administrative remedies.

**NO. 06-11116 DISMISSED; NO. 06-12290 AFFIRMED**.

---

[4]Defendants also offered evidence demonstrating that Georgia inmates are informed that grievance forms are readily available to them upon request.  The forms are kept in the control rooms at each facility, and an inmate may request them through his counselor or through any other prison official.

[5]Priester did not argue in the district court that his failure to file a grievance at GSP was due to his fear of violent reprisal.  Although Priester's reply brief suggests that he feared more beatings at GSP, we do not consider that new argument.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).