[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13809
Non-Argument Calendar

_____

D. C. Docket No. 06-00068-CV-6

LARRY WAYNE POOLE,

Plaintiff-Appellant,

versus

WARDEN GLENN RICH,
DEPUTY WARDEN R.D. COLLINS,
LIEUTENANT REGINALD LANGSTON,
LT. RODNEY McCLOUD,
SERGEANT JASON D. BURNS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 23, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Larry Wayne Poole ("Poole") filed suit under 42 U.S.C. § 1983 to contest the conditions of his confinement while incarcerated at Rogers State Prison ("Rogers") in Reidsville, Georgia. Appellees filed motions to dismiss, which the district court construed as "unenumerated Rule 12(b) motions." Because Poole failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, the district court granted the motions and dismissed Poole's complaint without prejudice. Finding no reversible error, we affirm the district court's judgment.

## I. BACKGROUND

In his complaint, Poole alleged that, while incarcerated at Rogers, he was the victim of two beatings by officers of the Correctional Emergency Response Team—one on August 19, 2004, and another on December 14, 2004. The record indicates that in January 2005, Poole left Rogers; it is unclear if he was released or transferred to another prison. However, the record does show that he was incarcerated at Coastal State Prison in June 2005. Poole acknowledged that he had not filed any grievances, but states that he was justified in failing to do so because the officers who beat him "threatened after both beatings that if he told anybody or

2

filed a grievance that he would be beaten again" and that he "was terrified of being beaten again."

In their motions to dismiss, the Appellees argued that Poole failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a), and that Poole's complaint failed to state a claim under 18 U.S.C. §§ 2340, et seq., and the Georgia Constitution. A magistrate judge concluded that Poole failed to exhaust the available administrative remedies, and thus recommended that the complaint be dismissed for failure to satisfy the requirements of the PLRA. The district court adopted the magistrate judge's report and recommendation, noting that Poole "stated that he did not file a grievance because he intended to kill Defendant Sergeant Burns upon his release from custody," and dismissed Poole's complaint without prejudice.

## II. STANDARD OF REVIEW

We review a district court's interpretation and application of the PLRA's exhaustion requirements *de novo*. *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000).

## III. DISCUSSION

Before a prisoner may bring an action under federal law challenging the conditions of his confinement, he must first exhaust all administrative remedies.

42 U.S.C. § 1997e(a).  "The plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court."  *Higginbottom*, 223 F.3d at 1261. (citation omitted).  Consequently, "'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court." *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (quoting *Higginbottom*, 223 F.3d at 1261).

Poole first challenges the district court's treatment of the motions to dismiss as unenumerated Rule 12(b) motions, arguing that the district court: (1) engaged in impermissible fact finding, and (2) violated the standard for testing motions to dismiss.[1]  As to Poole's first argument, any improper findings of fact are harmless because the court's decision may be affirmed on other grounds involving facts that are not in dispute.

As to Poole's second argument, the general rule is that whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is converted to a Rule 56 motion for summary judgment and the district court must

---

[1]There is some debate on the proper procedure for treating motions to dismiss for failure to exhaust administrative remedies under the PLRA. The district court followed the Ninth Circuit approach, which treats "the failure to exhaust nonjudicial remedies that are not jurisdictional . . . as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment" and allows the district court to look beyond the pleadings and decide issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). We need not and do not address this issue because it is not material to our disposition of the instant case.

meet the notice requirements of Rule 56. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). However, "[w]hen a party proves through its actions that it has notice of the conversion, any failure to notify the party is rightly deemed harmless." *Id.* at 1268. In this case, Poole was clearly aware that the district court was considering matters outside the complaint. In his response to the motions to dismiss, Poole submitted three of his own affidavits, the affidavit of Tommy Cardell, and two affidavits of Gregory Bryant. By submitting the same kind of evidence that Appellees attached to their motions to dismiss, Poole "was inviting the district court to consider the same, a position inconsistent with [his] position on appeal." *Id.* at 1269. Because the record demonstrates that Poole was aware that the district court was considering material outside the complaint, we conclude that any failure to notify was harmless.

Finally, Poole argues he should be excused from the exhaustion requirement because the threats of violence from Rogers's officials rendered the grievance procedure unavailable. It is undisputed that Poole filed no grievance against Rogers or any other prison institution about the beatings he allegedly suffered. Even if we assume that Poole was threatened and that these threats rendered grievance procedures at Rogers unavailable to Poole,[2] Poole's complaint is still due

_____

[2] While we do not express an opinion on this issue, some courts have concluded that administrative remedies may not be available when prison officials engage in affirmative

5

to be dismissed because he has failed to allege that grievance procedures were unavailable to him once he was no longer incarcerated at Rogers and was removed from the threats of violence made by the officials at that prison.[3] We recognize that such a grievance would have been considered untimely, but under Georgia's grievance procedure, untimely grievances may be submitted upon a showing of good cause. *See Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies."); *Hilton v. Sec'y for Dep't of Corr.*, 170 Fed. Appx. 600, 605 (11th Cir. 2005)[4] (dismissing a prisoner's claims under the PLRA and concluding that a prisoner's contention that he was denied access to grievance forms during a term of administrative confinement

---

misconduct such as threats or intimidation to deter a prisoner from filing a grievance. *See Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004) (stating that "[t]he test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available" and determining that "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance"); *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006) (determining that administrative remedies may not have been available when the prisoner was denied forms, intimidated into not pursuing formal grievances, and retaliated against for attempting to pursue administrative relief).

[3]While the district court dismissed Poole's complaint on different grounds, "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

[4]In this circuit, although "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

"d[id] not entitle him to relief because he fail[ed] to allege that he was unable to obtain these forms once he was released from confinement"); *see also Garcia v. Glover*, 197 Fed. Appx. 866, 867-68 (11th Cir. 2006) (dismissing a prisoner's claims under the PLRA despite prisoner's claims that he did not file a grievance because he feared that prison officers "would have 'killed' him or 'shipped' him out").

Accordingly, we conclude from the record that Poole failed to exhaust the administrative remedies that were available to him once he left Rogers. Therefore, his lawsuit is barred by the PLRA, 42 U.S.C. § 1997e(a). Because Poole did not exhaust his administrative remedies, which is a precondition to filling this lawsuit, we need not address his other issues on appeal.

## IV. CONCLUSION

For the above stated reasons, we affirm the district court's grant of Appellees' motions to dismiss because Poole failed to exhaust his administrative remedies.

**AFFIRMED.**