[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2006
THOMAS K. KAHN
CLERK

No. 05-16807
Non-Argument Calendar

_____

D. C. Docket No. 02-80518-CV-DTKH

STEPHEN S. GREEN,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, James McDonough,

Defendant,

WILLIE FLOYD, Warden,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 27, 2006)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Stephen S. Green, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies.[1] We review de novo a district court's dismissal of a prisoner's action for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000). After careful review, we affirm, albeit on different grounds.

While housed at Glades Correctional Institute ("GCI"), Green filed a pro se complaint pursuant to 42 U.S.C. § 1983, against Willie Floyd, the Warden of GCI.[2] In his complaint, Green alleged that GCI did not have air conditioning or adequate ventilation in the dormitories, and that the heat during the summer months caused him to suffer from numerous health problems and adversely affected his blood pressure. Green attached to his complaint an inmate request (an "informal complaint"), in which he stated that summer temperatures caused the dormitories to become very hot and caused "extreme harm" to inmates and violated their

[1]Green also mentions, in passing, that the district court erred by denying his Fed. R. Civ. P. 60(b) motion for reconsideration, but in his brief, asserts no arguments addressing the court's order denying reconsideration. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues mentioned in passing in a brief are deemed abandoned if the brief has no supporting argument or discussion).

[2]Green does not challenge the district court's dismissal of his complaint for failure to state a claim as to the other named defendants.

Eighth Amendment rights. He also attached a Request for Administrative Remedy or Appeal (a "formal grievance"), asserting that the extreme heat in the dormitories caused the inmates "much harm to there [sic] health" and asked that air conditioning be installed. Finally, Green attached his Request for Administrative Remedy or Appeal addressed to the Secretary of the Florida Department of Corrections, which requested the provision of air conditioning in the dormitories because the ventilation was not adequate to cool the area, and to which Green had attached his informal and formal grievances. After cross-motions for summary judgment were filed by Floyd and Green, the district court dismissed Green's complaint on the ground that he had not exhausted his claim. In his administrative grievances, he asserted that the heat caused "extreme harm" and "much harm" to the inmate population, while in the complaint, he alleged that he suffered from high blood pressure as a result of the heat.

On appeal, Green argues that the district court erred by dismissing for lack of exhaustion his § 1983 claim because he diligently alerted Floyd to the heat problem in the prison dormitories by way of the administrative process. Green maintains that Floyd was on notice of the health-related nature of his § 1983 claim because he stated in his administrative complaints that "extreme harm" was being done to him and other inmates by the heat. Green also points out that when he

filed his grievances, he did not know that the heat could cause more specific health conditions.

Pursuant to § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." We have noted that requiring the exhaustion of remedies first in an agency setting allows "the agency [to] develop the necessary factual background upon which decisions should be based" and giving "the agency a chance to discover and correct its own errors." Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998). However, "while § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require more." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

A Florida "inmate who wishes to complain about a condition of confinement must first file an informal grievance . . . to the staff member who is responsible in the particular area of the problem. If the inmate is unsatisfied with the response he receives, he may file a formal grievance with the warden's office. If the inmate wants to pursue his complaint further, he may submit an appeal to the Secretary of the [Department of Corrections]." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th

4

Cir. 2004) (internal citations omitted); see also Fla. Admin. Code Ann. §§ 33-103.005(1), 33-103.006(1)(a), 33-103.007.

Here, it is undisputed that Green submitted the necessary paperwork to fulfill the requirements of administrative appeals under Florida law. See id. The instant issue concerns the level of specificity required for such administrative filings, when compared to the allegations contained in a subsequently filed § 1983 claim. Although we noted in Brown that a prisoner must "provide as much relevant information as he reasonably can in the administrative grievance process," we have not considered whether a § 1983 complaint must track exactly the language of a prisoner's administrative grievances in order to be exhausted. Because, prior to the district court's dismissal order, the parties had filed cross-motions for summary judgment, which we find dispositive of Green's complaint, we need not reach the issue in this case as it is well-settled that "we may affirm for any reason supported by the record, even if not relied on by the district court." Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n. 3 (11th Cir. 2002). However, we observe that Green's administrative grievances, although not verbatim to his § 1983 claim, likely were sufficient to put Floyd on notice of the problem, potential injuries, and proposed solution. See Alexander, 159 F.3d at 1327.

5

"Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001) (quotation omitted). The moving party bears the initial burden of proving that there is no genuine issue of material fact for trial. If this burden is met, the non-moving party may not "rest on his pleadings," but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1281-82 (11th Cir. 1999) (internal quotations omitted).

The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement," including adequate clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim based on prison conditions, an inmate must meet both an objective component, which requires that the conditions be "sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health or safety." Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotations omitted). To meet the objective standard, "only those deprivations denying the minimal civilized measure of life's necessities are

6

sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillan, 503 U.S. 1, 9 (1992) (internal quotations omitted). Under the subjective prong, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In Chandler, we determined that prisoners had failed to establish sufficiently severe conditions with regard to heat, humidity, and ventilation to satisfy the objective component of an Eighth Amendment violation. 379 F.3d at 1297-98. Likewise, in the case at bar, Green has not shown a sufficiently severe condition, in light of Floyd's summary-judgment materials, which included evidence showing the following: (1) GCI's ventilation and air circulation exceeded standards set forth by the American Corrections Association; (2) Floyd provided extra fans in the dormitories during the hottest parts of the summer; and (3) Green had access to water and other forms of relief, including medical intervention. Discomfort, without more, does not amount to an Eighth Amendment violation. Chandler, 379 F.3d at 1295. In short, apart from Green's contention that his high blood pressure

7

was caused by the heat, which the uncontroverted evidence showed actually was a result of his diabetes, he did not establish any injury besides discomfort. <u>Id.</u> Accordingly, Floyd was entitled to summary judgment.

**AFFIRMED.**