[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-12129
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00172-CV-RWS-2

RODERICK ISAAC,

                                        Plaintiff-Appellant,

                          versus

JAMES E. DONALD, in his official
capacity as Commissioner of Georgia
Department of Corrections,

                                        Defendant,

SGT. NIX, in his official and individual
capacity as the Warden of the Hall County
Correctional Institute,
JOHN DOE, No. 1, in his official and individual
capacity as the Physician for Hall County Correctional
Institute,
CORRECTIONAL OFFICER AND JOHN DOE,
No. 3, in his official Capacity as the "Detail Officer"
for Hall County Correctional Institute,
JANE DOE, in her official capacity and Individual
Capacity as the Counselor for Hall County Correctional Institute,
DOE, No. 4, No. 5, No. 6 in their Official Capacity as the
Classification Committee for Hall County Correctional Institute,

Defendants-Appellees.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------

**(December 14, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Roderick Isaac, a prisoner of the State of Georgia, appeals the grant of summary judgment in favor of Defendant-Appellee Warden Nix, who was named in his individual capacity and his official capacity as Warden of the Hall County Correctional Institute, in Plaintiff's action filed under 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

Plaintiff's section 1983 suit asserts that he was forced to work under conditions that were medically contraindicated in violation of his Eighth Amendment rights. According to Plaintiff, he suffered a stroke on 26 September 2002, while performing manual labor in the hot sun despite Plaintiff's claim that he earlier informed prison officials that his medical condition precluded such work. Plaintiff was hospitalized for three days; he claims to have suffered permanent damage from the stroke.

Plaintiff filed an administrative grievance concerning his work detail and injuries on 7 April 2004, more than one and one-half years after the events occurred giving rise to his claim. The grievance procedures applicable to Plaintiff's claim required that a grievance be filed within five business days from the date the inmate discovers, or reasonably should have discovered, the incident giving rise to the complaint; the grievance form required an inmate to explain the reasons for delay when a grievance is filed outside the five-day period. Plaintiff explained that his grievance was not filed within the five-day limit because he had "been in the hospital. Medical is unsuccessful in restoring my eyesight." Plaintiff's grievance was denied because it was filed well beyond the allowable time with insufficient explanation for the delay.

Plaintiff appealed the denial of his grievance; he offered no further explanation for the delay. Instead, Plaintiff opined that "due process mandates that when a person suffers a chronic, lifelong injury, he may file an action at anytime." According to Plaintiff's grievance appeal form, "courts have 'ample' discretion' to forego exhaustion of a (state grievance procedure) if you miss grievance deadlines." Plaintiff's appeal was denied; he filed a complaint in federal district court under 42 U.S.C. § 1983; the district court concluded that

3

Plaintiff failed to show good cause necessary to excuse his untimely filing. We agree.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner exhaust all available administrative remedies before a suit challenging prison conditions may be brought. 42 U.S.C. § 1997e(a). As the Supreme Court has observed, an invigorated exhaustion requirement is a centerpiece of the PLRA's effort to reign in the quantity of prisoner suits. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006) (holding that proper exhaustion of administrative remedies is necessary under section 1997e(a)). Exhaustion is left to the discretion of neither the complaining prisoner nor the district court; exhaustion is mandatory. See id.; Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), cert. denied, 126 S.Ct. 2978 (2006). A district court's decision that a prisoner failed to exhaust available administrative remedies under section 1997e(a) of the PLRA is subject to de novo review. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

The PLRA sets out this exhaustion requirement:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

That Plaintiff failed to file timely his administrative grievance under the Georgia Department of Corrections grievance procedure is undisputed. That Plaintiff offered the Georgia Department of Corrections no sufficient good cause for his 18-month delay is also clear. Plaintiff's three days' of hospitalization provides no explanation; and while Plaintiff mentioned that medical had not been successful in restoring his eyesight, his explanation suggests no inability to file because of a visual impairment. When faced with the denial of his grievance based on his failure to file timely, Plaintiff offered no further explanation in his administrative appeal that would show good cause for the delay. Instead, Plaintiff appears to believe that his tardiness is offset by the gravity of his claimed injury. Plaintiff failed to exhaust administrative remedies in a timely way; and he failed to provide prison officials with reason to excuse his delay.

Plaintiff advanced an additional reason for his delay before the district court -- prison officials denied Plaintiff grievance forms -- a reason that was not offered prison officials. The district court concluded that the record showed that Plaintiff was provided with a grievance form at least fourteen months before he filed the

grievance under review. And now on appeal, Plaintiff argues that his memory after the stroke was so impaired he could not earlier file his grievance.[1]

Explanations for the delay that are not first proffered by the prisoner to the administrative body appropriately are not to be considered in a section 1983 suit. As we have said, section 1997e(a) "require[s] that a prisoner provide with his grievance all relevant information reasonably available to him." Brown, 212 F.3d at 1208.

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. ... And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

Woodford, 126 S.Ct. at 2385 (internal quotes and citations omitted)(alteration in original). These important purposes served by the exhaustion doctrine would be

---

[1] Before the district court, Plaintiff made references to his diminished mental acuity, but such references did not state clearly that Plaintiff was incapable of earlier filing a grievance and, reasonably, were not so understood by the district court.

undermined by judicial consideration of matters which could have been --but were not -- presented to prison officials.

Summary judgment was due to be granted against Plaintiff's claim; suit under section 1983 is barred by section 1997e(a).[2]

AFFIRMED.

---

[2]We note that Plaintiff's claimed memory incapacity is short on record citations. Although Plaintiff cites to his own deposition, that deposition is no part of the record on appeal. Even were we to consider reasons advanced for the first time in judicial proceedings, these reasons are belied by materials that are in the record.