[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11466
Non-Argument Calendar

_____

D. C. Docket No. 05-00433-CV-WDO-5

ARTHUR BATTLE,

Plaintiff-Appellant,

versus

HILTON HALL,
Warden of Macon State Prison,
in his individual capacity,
jointly and severally,
SAMUEL LACY,
Deputy Warden at Macon State
Prison, in his individual
capacity, jointly and severally,
CHARLIE HARPER,
Unit Manager at Macon State
Prison, in his individual
capacity, jointly and severally,
LT. BURSE,
Lieutenant at Macon State Prison,
in his individual capacity,
jointly and severally,
MR. HAGAN,
Sergeant at Macon State Prison,
in his individual capacity,

jointly and severally,
JOHN-1 DOE,
at Macon State Prison, in his
individual capacity, jointly
and severally,
JOHN-2 DOE,
at Macon State Prison, in his
individual capacity, jointly
and severally,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 5, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Arthur Battle appeals the district court's dismissal of his 42 U.S.C. § 1983 claims. Battle alleged that he was beaten by Georgia prison guards while incarcerated at Macon State Prison. We review the district court's dismissal for failure to exhaust a claim under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e) *de novo*. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Battle did not exhaust his claims by pursuing all administrative remedies before

2

filing his lawsuit as required by PLRA. *See* 42 U.S.C. § 1997e(a).  He only made an informal grievance and did not pursue the avenues available for an appeal under the Georgia prison procedures.  The exhaustion requirement is mandatory, and therefore Battle's suit was properly dismissed by the district court.  *See Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).

**AFFIRMED.**