[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13048
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21459-JAL

MOISES E. BURE,

Plaintiff-Appellant,

versus

MIAMI-DADE CORRECTIONS DEPARTMENT,
MEDICAL CARE/HEALTH SERVICES DEPARTMENT,
DR. DEBRA CARLONE,
Doctor at the Jail,
MAURICE KING,
Nurse,

Defendants-Appellees,

MIAMI-DADE CORRECTION HEALTH SERVICE DEPT.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 12, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Moises Bure, a Florida prisoner proceeding *pro se,* appeals the district court's grant of defendants' motion to dismiss Bure's 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies and the district court's denial of his motion to add Letisha Nottage as an additional defendant.  On appeal, Bure argues that the district court should not have dismissed his claim for failing to exhaust the administrative remedies provided by the prison.  He asserts that he complied with the grievance procedure outlined in the inmate handbook by handing a grievance form to Nottage, a correctional counselor in charge of submitting inmate grievances to prison administrators, complaining that he was not taken to an eye scan.  He claims that Nottage never filed his grievance and returned it to him unanswered twenty-four days later.  Bure also argues on appeal that the district court should not have denied his motion to add Nottage as an additional defendant. After careful review, we affirm.

I.

We review *de novo* the district court's dismissal of suit for failure to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA").  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000).  We review the

district court's factual findings for clear error. *Bingham v. Thomas*, 654 F.3d 1171, 1174-75 (11th Cir. 2011).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner" until the prisoner has exhausted his administrative remedies. 42 U.S.C. § 1997(e)(a). To properly exhaust administrative remedies, a prisoner must complete the administrative review process as set forth in the applicable prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007).

Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. *Id.* If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. *Id.*

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to

3

exhaustion. *Id.* The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. *Id.*

First, we must determine whether, if his factual allegations are taken as true, Bure failed to exhaust his administrative remedies. *Id.* Accepting Bure's contentions as true, he handed a grievance form to Nottage on October 4, 2010, complaining that he never received an eye scan. Nottage neither filed the grievance nor passed it along to her supervisor. Instead, she brought it back to him unanswered, and told him that the prison clinic staff could not find any referrals from Dr. Silva prescribing that he receive an eye scan.

The issue becomes whether Bure needed to take some additional action after Nottage returned the unanswered grievance on October 27, 2010, in order to sufficiently exhaust his remedies. In *Turner*, 541 F.3d at 1083, we discussed the responsibilities of an inmate to appeal a response from prison officials where that response did not accord with inmate grievance procedures. We found that an inmate's failure to appeal after the warden ripped up his grievance, instead of responding in writing as Georgia's inmate grievance procedure required, did not mean that the inmate failed to exhaust his administrative remedies. *Id.* at 1083.

The inmate grievance procedure at issue here requires that prison officials provide a detailed response to the prisoner's complaint on the inmate grievance

4

form submitted by the prisoner.  Like in *Turner*, however, prison officials did not follow that procedure here.  Instead, accepting Bure's version of events, Nottage never submitted Bure's form and he never received a response on the form itself.  As in *Turner*, Bure should be excused for his failure to appeal Nottage's response because her response did not comply with the inmate grievance procedure.

Because, under the first step, *Turner* excuses Bure's failure to exhaust his administrative remedies, we must move to the second step of the *Turner* framework.  The district court found a factual conflict that required a specific finding of fact.  Specifically, as discussed above, Bure contended that he complied with the grievance procedure listed in the inmate handbook by handing a grievance form to Nottage.  He further contended that Nottage never submitted the form for review, instead returning it to him unanswered twenty-four days later.  Nottage, on the other hand, declared that she could not recall any incident where Bure gave her a grievance on October 4, 2010, and she returned it to him unanswered twenty-four days later.[1]

The district court resolved this factual dispute in Nottage's favor.  We hold that the district court did not clearly err.  *See Bingham,* 654 F.3d at 1174-75.  Bure

---

[1]    Although Nottage declared that she could not recall being handed a grievance form by Bure on October 4, 2011, she clearly intended to refer to October 4, 2010.  By October 4, 2011, Bure had been transferred to a state-run facility.

5

was internally inconsistent regarding when he filed his inmate grievance form.  In his original complaint, Bure stated that he filed a grievance, dated October 4, 2010, around October 13, 2010.  In later filings, however, Bure claimed that he filed the grievance on October 4, 2010, when he handed it to Nottage that day.  Bure makes no mention of the October 13 date in his subsequent filings and provides no explanation for this inconsistency to this Court.

Accepting Nottage's version of events, Bure never turned in an inmate grievance form concerning the scan during his time at the pre-trial detention center, and he was not prevented from doing so.  He thus did not exhaust his administrative remedies while at the pre-trial detention center and was not excused from doing so.

## II.

The district court also properly dismissed Bure's motion to add Nottage as an additional defendant.  Bure cannot bring any claims relating to the incident because he failed to exhaust his administrative remedies through no fault of Nottage.  It would have been futile to permit him to add her as an additional defendant.

## III.

Upon review of the record and consideration of the parties' briefs, we

6

affirm.

AFFIRMED.