[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12329
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00394-TJC-JRK

NYKA TASSIANT O'CONNOR,

Plaintiff-Appellant,

versus

SUWANNEE CORRECTIONAL INSTITUTION,
CHRIS LANDRUM,
FLORIDA DEPARTMENT OF CORRECTIONS,
JULIA JONES,
NORTH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2016)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nyka O'Connor is a Florida prison inmate incarcerated at Union Correctional Institution ("UCI").  He brought this action pursuant to 42 U.S.C. § 1983 to recover damages on the theory that the named defendants infringed his rights under the Fourth Amendment for excessive force and the Eighth Amendment for inadequate medical treatment.  The district court, acting *sua sponte,* dismissed his  complaint without prejudice pursuant to the Prison Litigation Reform Act ("PLRA"),  28 U.S.C. § 1915(g), on the grounds that he had sustained the dismissal of three or more qualifying lawsuits and was not imminent danger of serious physical injury.  He appeals the dismissal, arguing that he qualified for the imminent danger exception.  He also argues that the court incorrectly denied him the ability to amend his complaint.  We are not persuaded and affirm.

## I.

We review a district court's dismissal under 28 U.S.C. § 1915(g) *de novo*. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  We liberally construe *pro se* pleadings.  *See Brown v. Sikes*, 212 F.3d 1205, 1209 (11th Cir. 2000).

The purpose of the PLRA is to conserve judicial resources by preventing meritless cases initiated by prisoners.  *Vanderberg v. Donaldson*, 259 F.3d 1321,

1324 (11th Cir. 2001).  Under the PLRA, prisoners are only permitted to file three

meritless suits in *in forma pauperis* status.  28 U.S.C. § 1915(g).  The "three

strikes" provision of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

*Id.*

In *Medberry v. Butler*, we rejected the notion that imminent danger of

serious physical injury under § 1915(g) is measured at the time of the alleged

incident, not at the time the complaint is filed.  185 F.3d 1189, 1193 (11th Cir.

1999).  We noted that the Eighth Circuit requires that the prisoner be in imminent

danger at the time of the filing, meaning that a past threat of imminent danger is

insufficient, while the Fifth Circuit requires "imminent danger at the time that he

seeks to file his suit in district court or seeks to proceed with his appeal or files a

motion to proceed IFP."  *Id.* at 1192-93.  However, we declined to decide which

approach to adopt.  *Id.* at 1193.  We held, though, that "Congress' use of the

present tense in § 1915(g) confirms that a prisoner's allegation that he faced

imminent danger sometime in the past is an insufficient basis to allow him to

3

proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Id*. at 1193.

In *Brown v. Johnson*, we held that a prisoner with HIV and hepatitis faced imminent danger when he alleged that the total withdrawal of treatment for his conditions left him susceptible to other illnesses that could cause his condition to quickly deteriorate. 387 F.3d 1344, 1350 (11th Cir. 2004). Although some of the physical conditions that Brown alleged did not constitute serious injury, his complaint as a whole successfully alleged that he faced an imminent danger of serious physical injury because his HIV and hepatitis would lead to serious afflictions if left untreated. *Id*. Furthermore, the fact that Brown's illnesses were already serious did not preclude him from claiming that his condition was "worsening more rapidly as a result of the complete withdrawal of treatment." *Id*.

The district court did not err by dismissing O'Connor's complaint pursuant to § 1915(g), because O'Connor failed to successfully plead that he was in imminent danger. He is currently at UCI, but all of his allegations of harm occurred months before at Suwannee Correctional Institution ("SCI"). He did not allege that any abuse occurred at UCI. Furthermore, unlike Brown, O'Connor did not experience a "complete withdrawal of treatment." *Brown*, 387 F.3d at 1350. Instead, shortly before his complaint was filed, O'Connor was seen by medical personnel at UCI multiple times and was informed that he would need surgery.

4

Therefore, O'Connor's allegations do not sufficiently plead imminent danger of serious physical injury because a past threat of imminent danger is insufficient. His fears that his surgery might be delayed or his symptoms would lead to cancer were speculative and not factually supported. Additionally, O'Connor's assertion that the SCI staff had threatened to continue to abuse him is not an imminent threat, because at the time of his filing, O'Connor had been transferred to UCI and he only speculated, without alleged facts in support, that he would be transferred back to SCI. Thus, O'Connor failed to show that he faced imminent danger due to inadequate medical treatment or staff misconduct.

## II.

We review the denial of a motion to amend a complaint for abuse of discretion. *Williams v. Bds. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). Federal Rule of Civil Procedure 15(a) allows that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). We held that "the PLRA does not preclude the district court from granting a motion to amend." *Brown*, 387 F.3d at 1349. In *Brown*, because Brown filed his motion to amend before his complaint was dismissed and before any responsive pleadings were filed, it was an abuse of discretion when the district court denied Brown's motion. *Id*.

5

The district court did not abuse its discretion by denying leave to amend, because, unlike Brown, O'Connor did not make an attempt to amend his complaint before it was dismissed.  Furthermore, his complaint was dismissed without prejudice, which means he is free to refile, and without a filing fee, assuming he adequately alleges imminent danger in the future.  Additionally, because, as he acknowledges, he filed a prior complaint that was dismissed without prejudice with instructions to either allege imminent danger or pay the filing fee, this complaint was in essence an amended complaint, and he still did not make sufficient factual allegations to show imminent danger of serious physical injury.

AFFIRMED.