Anthony Phillip LEDEA,
Plaintiff-Appellee,

v.

METRO-DADE COUNTY POLICE
DEPARTMENT, et al.,
Defendants,

Sergeant Jorge Rodriguez, 01810, Officer Alexis Rodriguez, 05990, Detective Suelin Romero, Officer, 07825, Detective Lazaro Menoud, 04537, Officer Eduardo Breso, 04724, Officer Raul Cardeso, 05441, Officer J. Colon, 05724, Officer J. Germosen, 07725, Officer J. Valdez-valle, 05850, Officer B. Gallego, 04732, Officer R. Bankston, 03346, Defendants-Appellants.

No. 16-11504
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(February 27, 2017)

Anthony Phillip Ledea, Pro Se

Annery Pulgar Alfonso, Jennifer Laura Hochstadt, Miami-Dade County Attorney's Office, Miami, FL, for Defendants-Appellants

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, officers with the Miami-Dade Police Department appeal the district court's denial of qualified immunity in a failure to intervene claim brought pursuant to 42 U.S.C. § 1983. The officers' argument in favor of qualified immunity is based on allegations made on the face of the amended complaint. The officers contend the allegations fail to show they violated Anthony Ledea's constitutional rights with respect to the failure to intervene claim. Specifically, they contend

the complaint did not identify the officers who failed to intervene or to allege how the officers had the time and ability to intervene.[1] The officers assert the amended complaint failed to plead factual allegations sufficient to show Ledea's constitutional rights were violated, thus they should have received qualified immunity. After review,[2] we affirm the denial of qualified immunity.

Qualified immunity is an affirmative defense to personal liability that can be asserted on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). An official asserting the affirmative defense of qualified immunity must initially establish that he was acting within the scope of his discretionary authority, and the burden then shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). To overcome qualified immunity, the plaintiff must show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time of the alleged violation. *Id.* at 1137.

"At the motion to dismiss stage in the litigation, 'the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined.'" *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010). "[W]hether a particular complaint suffi-

ciently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded." *Ashcroft v. Iqbal*, 556 U.S. 662, 673, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court did not err in concluding that Ledea's *pro se* amended complaint[3] sufficiently alleged that the officers violated Ledea's constitutional rights. Although the officers argue the pleading did not adequately identify the defendants involved, the complaint alleged Officers A. Rodriguez and Lang broke the passenger windows to Ledea's car while Detective Menoud stomped on the windshield until it broke. It further alleged Officer Valdes-Valle and Detective Romero jerked Ledea out of his car and beat him for a few minutes. The complaint contended that all other officers witnessed the beating, were in "positions to intervene," and acted with

---

1. In their statement of the issues on appeal, the officers also allege that the district court erred by improperly shifting the burden to them in order to show that they are entitled to qualified immunity. This issue is not meaningfully addressed in the briefing, and is without merit, as the district court's order placed the burden upon Ledea to allege a constitutional violation and show that the constitutional right was clearly established.

2. We review the denial of a motion to dismiss based upon qualified immunity *de novo. Cot-*

*tone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). The determination of whether a complaint sufficiently alleges a constitutional violation is also reviewed *de novo. Id.* "In reviewing a complaint, we accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Id.*

3. *Pro se* filings are held to a less stringent standard than those drafted by attorneys and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

indifference during those "few minutes" by failing to prevent Ledea's injuries. These allegations established the minimum facts necessary to state a claim that Ledea's constitutional rights were violated by the officers' failure to intervene. This Court has acknowledged the difficulties *pro se* petitioners have in pre-trial investigations and identifying alleged wrongdoers. *Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000). As such, the court did not err in concluding that, at the pleading stage, and without the aid of discovery, the complaint is sufficient to place the officers on notice of Ledea's claim. The complaint alleged the minimum facts necessary to state a claim that Ledea's constitutional rights were violated by the officers' failure to intervene.[4] Thus, the district court did not err in denying the officers qualified immunity and we affirm.

**AFFIRMED.**

4. The officers do not assert the district court erred in its resolution of the second prong of qualified immunity—that the constitutional right was clearly established at the time of the violation.