[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14261
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00160-RH-CAS


IVORY S. GLENN,

Plaintiff-Appellant,

versus

M. SMITH, RN,
C. RICHARDSON, MD,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 31, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ivory S. Glenn, a state prisoner, injured his finger in June 2012 while assisting a disabled prisoner. Although Glenn immediately sought medical attention from prison staff, the finger became infected and had to be amputated. Alleging deliberate indifference to his medical needs, Glenn later filed this 42 U.S.C. § 1983 action in district court against prison doctor C. Richardson.[1] The district court dismissed Glenn's complaint, finding that he failed to exhaust his administrative remedies. Glenn now appeals that dismissal. He argues that the district court erred in dismissing his complaint because (1) the court did not properly apply *Turner*,[2] which set forth a two-step process for resolving a motion to dismiss for failure to exhaust, and (2) the defense of exhaustion is not available to Richardson. After careful consideration of the record and the parties' briefs, we affirm.

## I. BACKGROUND

Under the Prison Litigation Reform Act (PLRA), a prisoner like Glenn seeking to bring a § 1983 prison-conditions claim must first exhaust the remedies available under his prison's grievance procedures. *See* 42 U.S.C. § 1997e(a); *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). This exhaustion

---

[1] Glenn also brought a claim against a prison nurse, M. Smith. The district court dismissed that claim because Glenn failed to serve process on Smith. The claim is not at issue here; Glenn does not address the district court's dismissal of the claim in his brief. *See United States v. Dougherty*, 754 F.3d 1353, 1358 (11th Cir. 2014) ("This [c]ourt will not review claims that a party has abandoned.").

[2] *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008).

2

requirement contains a "procedural default component":  a prisoner defaults his § 1983 claim if he does not "timely meet the deadlines" of his prison's grievance procedures.  *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008).

Glenn is a prisoner in the Florida Department of Corrections, which has a two-part process for grievances "of a medical nature."  *See* Fla. Admin. Code r. 33-103.008; rr. 33-103.006, 33-103.007.  A Department prisoner claiming deficient medical care may, within 15 days from "[t]he date on which the incident or action being grieved occurred," submit a formal grievance to his prison.  *See* r. 33-103.011(1)(b).  If the prison denies the grievance, the prisoner may appeal the denial.  *See* rr. 33-103.007, 33-103.008.

After Glenn filed his complaint against Richardson, Richardson moved for dismissal based on procedural default.  Richardson alleged that Glenn completed the Department's two-part grievance process but did not comply with the Department's deadlines in doing so.  According to Richardson, Glenn submitted three formal grievances concerning his June 2012 finger amputation: two in July 2012 and one in January 2013.  The prison denied all three grievances, but Glenn appealed only the January 2013 grievance.  And that grievance was untimely—

3

Glenn submitted it more than 15 days after his finger amputation—so the prison denied it on appeal.[3]

In response to Richardson's motion to dismiss, Glenn alleged that he exhausted the Department's two-part grievance process twice. First, he exhausted the process in 2012 because he appealed the denial of one of his July 2012 grievances. On November 29, 2012 he filed an appeal (appeal number 12-6-38181) challenging the denial of one of the July 2012 grievances.[4] Second, he exhausted the process in 2013 because his January 2013 grievance and appeal were timely.[5]

The district court considered Glenn's and Richardson's allegations, examined the documents that they submitted in support of their allegations, and granted Richardson's motion to dismiss. The court concluded that Glenn procedurally defaulted his § 1983 claim. In reaching this conclusion, the court recognized that Glenn filed appeal number 12-6-38181 in November 2012, but it determined that the appeal did not concern Glenn's finger amputation. Copies of the appeal and the prison's response to the appeal showed that the appeal addressed the prison's refusal to provide Glenn therapeutic medical boots. Further, the court considered the timeliness of Glenn's January 2013 grievance. The court reviewed

---

[3] Richardson attached to his motion to dismiss various documents in support of these allegations.

[4] Richardson in his motion to dismiss acknowledged appeal number 12-6-38181 but alleged that the appeal did not concern Glenn's finger amputation.

[5] Glenn attached to his response various documents in support of these allegations.

copies of the grievance, Glenn's appeal of the grievance, and the prison's responses to each, and it determined that (1) the grievance was untimely and (2) the prison denied the appeal for that reason.

## II. STANDARD OF REVIEW

We review de novo the district court's decision to dismiss Glenn's complaint for failure to exhaust his administrative remedies. *See Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998). But we must defer to the court's factual findings unless they are clearly erroneous. *See Bryant*, 530 F.3d at 1377. A finding is clearly erroneous if, "after reviewing all of the evidence," we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

## III. APPLICATION OF *TURNER*

Glenn argues that the district court erred because it did not properly apply *Turner*'s two-part process for resolving a motion to dismiss for failure to exhaust. Under *Turner*, when a defendant seeks dismissal of a § 1983 prison-conditions claim based on procedural default, the district court must first examine "the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take[] the plaintiff's version of the facts as true." *See Turner*, 541 F.3d at 1082. If the allegations, viewed in that light, show that the plaintiff procedurally defaulted his claim, the court must dismiss the claim. *See id.*

However, if there are disputed factual issues, the court must allow the parties to develop the record, and the court must "make specific findings" and "decide[] whether under those findings the prisoner has" procedurally defaulted. *See id.* at 1082–83; *Bryant*, 530 F.3d at 1376.

Here, the district court properly applied *Turner*. The court, recognizing that Richardson was not entitled to dismissal based on solely his and Glenn's allegations, looked to the documents that Richardson and Glenn submitted. Based on those documents, the court made findings about the two disputed factual issues: whether Glenn's November 2012 appeal (appeal number 12-6-38181) concerned his finger amputation and whether Glenn's January 2013 grievance was timely. The court found that the November 2012 appeal concerned therapeutic boots, not the finger amputation. It also found that the January 2013 grievance was untimely and that the prison ultimately denied the grievance for that reason.[6] The court then held that under those findings Glenn procedurally defaulted his § 1983 claim against Richardson.[7]

---

[6] To the extent that Glenn challenges these factual findings, we must affirm them. After reviewing all the evidence, we cannot conclude that the findings are clearly erroneous. *See Bryant*, 530 F.3d at 1377.

[7] Glenn appears to argue, for the first time on appeal, that in 2012 he filed not only appeal number 12-6-38181 but also a second appeal. He asserts that the district court erred in concluding that he procedurally defaulted because that second appeal concerned his finger amputation. This argument, however, is not properly before us since Glenn did not previously raise it. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284–85 (11th Cir. 2003).

## IV. AVAILABILITY OF THE EXHAUSTION DEFENSE

Glenn also argues that the district court erred because the exhaustion defense is not available to Richardson.  "[W]hen prison officials decide a procedurally flawed grievance on the merits," a district court cannot "find a lack of exhaustion" based on the procedural flaw.  *See Whatley v. Warden*, 802 F.3d 1205, 1215 (11th Cir. 2015).  This rule, Glenn asserts, precludes Richardson from relying on the exhaustion defense because the prison decided the January 2013 grievance on the merits, ignoring the timing of the grievance.  However, at the "final stage" of the grievance process—the appeals stage—the prison denied the grievance based on timeliness.  *See id.*  The denial stated that Glenn was "past the time frame for grieving" about his finger amputation.

## V. CONCLUSION

The district court did not err in dismissing Glenn's complaint.  The court properly applied *Turner*, and the exhaustion defense is available to Richardson.  Therefore, we must affirm.[8]

**AFFIRMED.**

---

[8] Although the PLRA's exhaustion requirement requires us to affirm, we recognize that Glenn has suffered a debilitating loss, and we applaud his willingness to assist a fellow prisoner.