[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14600
Non-Argument Calendar
_____

D. C. Docket No. 5:10-cv-00024-MTT


LAWRENCE RUPERT SMITH,

Plaintiff-Appellant,


versus


WILLIAM TERRY, Warden,
MIZELL DAVIS, Deputy Warden, et al.

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 28, 2012)


Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Lawrence Rupert Smith, a Georgia prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  No reversible error has been shown; we affirm.

On 14 January 2010, Smith filed his section 1983 complaint against various prison officers and medical staff ("Defendants"), alleging that he had received inadequate medical care for his knee injury in violation of the Eighth Amendment. On 30 March 2010 -- before Defendants filed a responsive pleading and before the district court ruled on his original complaint -- Smith filed a "Supplemental Complaint" in which he asserted new claims and named additional defendants.

Defendants moved to dismiss Smith's original complaint for failure to exhaust his administrative remedies under section 1997e(a).  Under the Georgia Department of Corrections grievance process, prisoners must attempt to resolve grievances internally by following these three steps: (1) file an informal grievance, to which the prisoner's counselor must respond within 10 days; (2) file a formal grievance, to which the warden must respond within 30 days; and (3) file an appeal with the Central Office in Atlanta, to which the Commissioner must respond within 90 days.  Smith completed the first two steps of this grievance process and filed an appeal with the Central Office.  But he failed either to receive

2

the Commissioner's denial of his appeal or to wait the requisite 90 days before filing his section 1983 complaint.  The Commissioner then provided a timely denial of Smith's appeal on 1 March 2010, well after Smith filed this suit on 14 January.

The magistrate judge concluded that Smith had failed to exhaust his administrative remedies and recommended granting Defendants' motion to dismiss.  In a footnote, the magistrate judge acknowledged Smith's supplemental complaint, but stated that "for reasons which will become apparent in this recommendation, the addition of these [defendants] and [Smith's] new claims is unnecessary."  Smith objected to the magistrate judge's recommendation, contending that his supplemental complaint -- filed after he received the Commissioner's denial of his appeal -- cured the exhaustion defect.  The district court adopted the magistrate judge's recommendation and dismissed Smith's complaint.  This appeal followed.

We review de novo dismissals for failure to exhaust administrative remedies under section 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998).  In addition, we liberally construe pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added). "Congress enacted this mandatory exhaustion requirement . . . as part of the PLRA's effort to curtail frivolous and abusive prisoner litigation."  Alexander, 159 F.3d at 1324.  Because "exhaustion is now a pre-condition to suit," courts lack discretion to waive the exhaustion requirement.  Id. at 1325-26.

We have interpreted the term "brought" -- as used in section 1997e(a) -- to mean "the filing or commencement of a lawsuit, not . . . its continuation."  See Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000) (en banc) (interpreting section 1997e(e) of the PLRA, but noting expressly that we interpret the term "brought" identically under both sections 1997e(a) and 1997e(e)).  Thus, "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).  That Smith failed to exhaust his administrative remedies before filing his

4

original complaint is undisputed.  But on appeal, Smith contends that his supplemental complaint cured the exhaustion defect.[*]

As an initial matter, whether Smith sought to amend his complaint under Federal Rule of Civil Procedure 15(a), or to supplement his complaint under Rule 15(d), is unclear.  The record also fails to establish whether the district court ever permitted Smith to amend or supplement his complaint.  That Smith's "Supplemental Complaint" was never served on Defendants and that the magistrate judge's report indicated that such a supplement was "unnecessary" suggest that such permission was not granted.  But, even if we assume -- without deciding -- that Smith was permitted to amend or supplement his complaint, his "Supplemental Complaint" fails to cure the exhaustion defect.

The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint.  See Harris, 216 F.3d at 981.  Because Smith's attempt to amend or supplement his original complaint did not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint.  Therefore, he cannot cure the exhaustion defect.  See id. (stating that an amended

---

[*]Smith also argues that he was not required to identify each Defendant during the prison grievance process.  Because we conclude that Smith failed to exhaust his administrative remedies on other grounds, we need not address this issue.

5

or supplemental complaint could not cure the original defective complaint because "[n]o amendment or supplement to a pleading can change a historical fact."). And although Rule 15(d) permits parties to supplement a pleading even when the original pleading is defective, Rule 15 "does not and cannot override a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 982-83.

Because Smith failed to exhaust his administrative remedies before he "brought" his section 1983 suit, dismissal was proper.

AFFIRMED.