**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1543
_____

OMAR S. FOLK,
                    Appellant

v.

BUREAU OF PRISONS, Employees and Medical Staff; PA-C Samuel GOSA;
ELIZABETH SANTOS/STAHL, Clinical Director; DR. ROBERT E. PUCELL; JOHN
T. BURN; BRIAN BUSCHMAN; D. PARKER; M. MAGYAR; R. PARKYN;
C. SMITH; JENNIFER HOLTZ-APPLE; DAVID J. BALL; PA-C ZALNO; CO.
GENTZYEL; R&D FAUSEY; M. WASHINGTON; L. HUNTER; J. POTOPE;
T. GREELY; T. ANDRESS; T. CULLEN; J. MARIS; A. RODERMEL; A. DEWALT;
C. CRAIG; NICK MAIZE; C. ERICKSON; E. STAHL; J. WALKER; C. CAIN;
J. FREYNIK; D. NICOLLETTE; T. THOMAS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:18-cv-02252)
District Judge: Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 29, 2021

Before: RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 11, 2021)

—————

OPINION[*]

—————

PER CURIAM

Omar Sierre Folk appeals from orders of the District Court dismissing his claims and ruling on several motions. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

In 2018, Folk initiated an action in the District Court, bringing civil rights claims relating to his medical care in prison. Folk subsequently amended his complaint, and several defendants moved to dismiss it. The District Court granted their motion without prejudice and with leave to further amend.

In doing so, the District Court directed Folk to comply with Federal Rules of Civil Procedure 8 and 20 when filing a second amended complaint. The District Court explained that Folk's 14-page amended complaint primarily set out summaries of isolated and unrelated events, spanning five years, and named 16 defendants. It instructed him about the requirements of Rules 8 and 20, noting that he should identify his related claims against each defendant individually, along with the facts supporting those claims. The

—————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

District Court explained that if Folk wished to bring claims about separate, unrelated incidents, he should file separate complaints initiating additional actions to address those unrelated incidents. The District Court also warned that this would be Folk's final opportunity to amend his complaint to comply with Rules 8 and 20.

Rather than clarify his claims, Folk responded by filing a 247-page second amended complaint against 51 defendants. This document is a largely handwritten account of Folk's interactions with various prison staff and medical providers between 2013 and 2020. In portions of the complaint, Folk alleged that Dr. David J. Ball, a private physician, failed to adequately treat knee and thigh injuries from 2013 to 2018. Folk stated that Dr. Ball ordered several MRIs and x-rays of Folk's leg and ordered nerve testing and a new knee brace for him. Dr. Ball also recommended injections to treat Folk's pain, but Folk declined them. Folk claimed that Dr. Ball refused to perform surgery on his ruptured quadricep because he feared that Folk may have permanent nerve damage and recommended physical therapy and exercise as an alternative treatment.

Dr. Ball filed a motion to dismiss, as did a group of defendants employed by the Bureau of Prisons ("BOP"); the remaining defendants Folk named in his second amended complaint had not yet been served. In the meantime, Folk moved for: (1) reconsideration of an earlier order denying his request for intervention from the District Court regarding his legal mail; (2) an entry of default against certain defendants; and (3) appointment of counsel. The District Court ultimately deemed Folk's first motion to be withdrawn for

3

failure to comply with a local rule and denied the others. The District Court subsequently granted Dr. Ball's motion to dismiss Folk's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). It also dismissed the remainder of Folk's complaint pursuant to Rules 8 and 20. The District Court did so by granting the BOP defendants' motion and dismissing, sua sponte, Folk's remaining claims against several dozen unserved defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Folk timely appealed, specifying that he sought to appeal the dismissal of his claims and the District Court's rulings on his other motions. On appeal, he has filed a motion to vacate the District Court's judgment and remand the case.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. While we exercise plenary review over a district court's dismissal of claims under Rule 12(b)(6), see Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009), we review a dismissal for failure to comply with the requirements of Rule 8 for an abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Dismissal for failure to state a claim is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We construe Folk's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may summarily affirm a district court's decision

4

"on any basis supported by the record" if the appeal fails to present a substantial question, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court's dismissal of Folk's claims. For his claims against Dr. Ball, the District Court correctly concluded that Folk failed to state a claim under Rule 12(b)(6). Although it was not entirely clear, it appeared that Folk sought to bring claims of Eighth Amendment deliberate indifference and professional negligence under state law. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Establishing a claim requires proving both an objective component — "a serious medical need" — and a subjective component — "acts or omissions by prison officials that indicate deliberate indifference to that need." See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Folk alleged that Dr. Ball conducted testing, ordered an assistive device, and offered injections for pain that Folk declined. He also claimed that Dr. Ball would not perform surgery on an injury because he feared that Folk would have permanent nerve damage, offering alternative treatment in the form of physical therapy and exercise. These allegations show that Folk merely disagreed with the course of treatment recommended by Dr. Ball. However, mere disagreement with medical treatment does not

5

constitute deliberate indifference under the Eighth Amendment. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d. Cir. 1987); see also U.S. ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (per curiam) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (citation omitted).

Further, the District Court properly dismissed Folk's claim of professional negligence against Dr. Ball. Folk did not file a certificate of merit ("COM") or claim that a COM was unnecessary, as required by Pennsylvania Rule of Civil Procedure 1042.3, despite receiving ample notice about the requirement in Dr. Ball's motion to dismiss. See Schmigel v. Uchal, 800 F.3d 113, 119-20 (3d Cir. 2015) ("Pennsylvania's notice requirement, like the COM requirement itself, is substantive state law under [Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)]."); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011); see also Pa. R. Civ. P. 1042.6-7. Accordingly, Folk's claims against Dr. Ball were properly dismissed.

We also conclude that the District Court did not abuse its discretion in dismissing the remainder of Folk's claims under Rule 8. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise,

6

and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Westinghouse, 90 F.3d at 702 (citation omitted). A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).

Folk's second amended complaint was anything but "simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Rather than clarifying his 14-page amended complaint, Folk's 247-page second amended complaint, which spans seven years of encounters with dozens of people, is dense, very difficult to follow, and lacking any consistent structure. It is so voluminous and unfocused that it is largely impossible to identify what about Folk's encounters with most prison and medical staff could support any claim for relief or what those claims were for each of the 51 defendants.

As was the case here, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading." See Garrett v. Wexford Health, 938 F.3d

7

69, 93 (3d Cir. 2019), <u>cert. denied</u>, 140 S. Ct. 1611 (2020).[1] The District Court

"expressly warned [Folk] that failure to replead [his] claims in compliance with Rule 8

would result in the dismissal of those claims" and explained how to comply with that

rule. <u>See</u> <u>Westinghouse</u>, 90 F.3d at 704. Where Folk responded by filing an extremely

lengthy document that was significantly harder to understand, dismissal of his complaint

under Rule 8 was appropriate.[2] <u>See</u> <u>id.</u> at 703 (affirming the dismissal of an

"unnecessarily complicated and verbose" 240-page counseled complaint that plaintiffs

had failed to sufficiently narrow through "two rounds of difficult motions"); <u>see also</u>

<u>Mann v. Boatright</u>, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that it is not a

"district court's job to stitch together cognizable claims for relief from [a] wholly

deficient pleading"). Under these circumstances, the District Court also did not err in

---

[1] In light of this conclusion, we need not consider the District Court's additional conclusion that Folk's second amended complaint violated Fed. R. Civ. P. 20, which is not an independent basis to dismiss a complaint. <u>See</u> Fed. R. Civ. P. 21. We note, however, that the District Court's Rule 20 analysis further underscores the deficiencies of Folk's second amended complaint under Rule 8. The manner in which Folk included so many claims against so many defendants makes it exceedingly difficult to determine where one claim ends and another begins and which specific claims relate to which specific defendants. In that regard, we note that the fact that Dr. Ball was able to identify and respond to claims against him does not mean that the same was true for the other defendants. <u>Cf.</u> <u>Garrett</u>, 938 F.3d at 96 n.29 (addressing the application of Rule 8 to "specific defendants").

[2] For the same reasons, the District Court did not err in dismissing Folk's claims against the unserved defendants sua sponte under 28 U.S.C. § 1915(e)(2)(B) for failure to comply with Rule 8. <u>See</u> <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (explaining that a district court may dismiss claims sua sponte for failure to comply with Rule 8 where a "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised") (citation omitted).

denying Folk further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We further conclude that the District Court did not err in denying Folk's other motions. We discern no error in the District Court's decision to deem Folk's motion for reconsideration of an earlier order regarding his legal mail to be withdrawn under M.D. Pa. Local Rule 7.5 after he did not timely file a brief in support of the motion. See United States v. Eleven Vehicles, 200 F.3d 203, 214 (3d Cir. 2000). The District Court also did not abuse its discretion in denying, without prejudice, Folk's request for an entry of default against defendants who had not yet been served. See Fed. R. Civ. P. 55(a); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Finally, although it is unfortunate that Folk appears unable to articulate the claims he may believe he has, we have no basis to conclude that any such claims might be potentially valid and thus cannot say that the District Court abused its discretion by denying Folk's request for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

Accordingly, we will affirm the District Court's judgment.[3]

---

[3] Folk's motion to vacate and remand is denied.