**ALD-134**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3073
_____

THOMAS WASHAM,
                    Appellant

v.

SUPERINTENDENT DALLAS SCI; MR. KATTNER;
ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-01391)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: May 4, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Thomas Washam is a Pennsylvania prisoner and a frequent pro se litigant.  In this

case, he filed what the District Court docketed as a habeas petition but later treated as a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

non-habeas complaint. Washam's complaint consisted of 22 documents, some of which were captioned for a Pennsylvania state court. It appears from these documents that Washam filed a state-court complaint against prison employees who allegedly refused to notarize a "trust transfer deed" that Washam believed would give him legal title to his jail cell. It further appears that Washam filed this civil action after the state-court defendants did not respond. His documents captioned for federal court, with titles such as "local action for equitable conversion" and "notice of condemnation," appear to seek an order transferring ownership of his jail cell to him.

A Magistrate Judge recommended dismissing Washam's complaint for failure to comply with Fed. R. Civ. P. 8 but granting him leave to amend. Washam then filed a series of documents consisting largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable. The District Court ultimately adopted the Magistrate Judge's recommendation to dismiss Washam's complaint for failure to comply with Rule 8, but it dismissed his complaint without leave to amend because it found from his later filings that amendment would be futile.

Washam appeals. We review for abuse of discretion both the dismissal of a complaint under Rule 8 and the denial of leave to amend. See Garrett v. Wexford Health, 938 F.3d 69, 89, 91 (3d Cir. 2019), cert. denied, 140 S. Ct. 1611 (2020). The District Court did not abuse its discretion in this case. Although the court was able to piece together the general subject matter of Washam's complaint, dismissal under Rule 8 ultimately was within the court's discretion because it permissibly concluded that the complaint was "so confused, ambiguous, vague or otherwise unintelligible" as to provide

2

insufficient notice of any specific claims.  Id. at 94 (quotation marks omitted).  The complaint also did not set forth any plausible claim to relief.  See id. at 92-93.  Similarly, we see no abuse of discretion in the dismissal of Washam's complaint without leave to amend.  The District Court permissibly concluded from Washam's numerous filings that amendment would be futile, and Washam's filings on appeal tend only to confirm that conclusion.

For these reasons, we will affirm the judgment of the District Court.  Our ruling is without prejudice to Washam's ability to pursue whatever remedies he may be seeking in state court.  We express no opinion on that issue.  Washam's motions in this Court are denied.